UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES COLDEN, | : CIVIL ACTION NO. 3:CV-05-1481 |
| | : |
| Petitioner | : (Judge Nealon) |
| | : |
| v. | : |
| | : |
| RONALD HOLT, Warden | : |
| | : |
| Respondent | : |

**FILED
SCRANTON**

OCT – 3 2005

PER _____
DEPUTY CLERK

## MEMORANDUM AND ORDER

## Background

Petitioner, Charles Colden, an inmate confined in the Schuylkill Federal

Correctional Institution, Minersville, Pennsylvania ("USP-Schuylkill"), filed the

above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Colden challenges the validity of a 180-month term of imprisonment imposed by

Judge Sylvia Rambo of this court. The required filing fee has been paid.  Named as

sole respondent is the Warden at USP-Schuylkill .

On October 27, 1999, Colden pled guilty to three counts of aiding and abetting

interstate travel in furtherance of drug trafficking, in violation of 18 U.S.C. §

1952(a)(3) and 18 U.S.C. § 2.  See United States v. Colden, Crim. Action No. 1:99-

cr-0190-SHR (M.D. Pa. 1999).  On February 15, 2000, Colden was sentenced to a

180 month term of imprisonment. Id. No direct appeal was filed.

On February 5, 2001, Colon filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 with this court. Colden v. United States, Civil Action No. 01-CV-0227 (M.D. Pa. Feb. 5, 2001). On May 7, 2001, Petitioner's motion to vacate was denied. Id. On June 6, 2001, he filed a notice of appeal from the denial of his motion to vacate, to the United States Court of Appeals for the Third Circuit. Colden v. United States, No. 01-2687 (3rd Cir. 2001). On November 6, 2002, the Third Circuit denied Petitioner's motion for certificate of appealability because he "failed to make a substantial showing of the denial of his Sixth Amendment right to effective assistance of counsel. See 28 U.S.C. Section 2253 (c)(2); Strickland v. Washington, 466 U.S. 668 (1984)." Id. Petitioner states that he filed an application for leave to file a second or successive petition pursuant to 28 U.S.C. §§ 2244(b)(3)and 2255, which was denied in March, 2005). (Doc. 1, petition).

On July 25, 2005, Petitioner filed the instant petition for habeas corpus relief. Colden argues that his conviction and sentence should be vacated under Apprendi which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. He also claims that

2

his conviction and sentence are in violation of the United States Supreme Court's holding in <u>Blakely v. Washington</u>, 542 U.S.   , 124 S.Ct. 2531 (2004).[1] Specifically, Petitioner claims he is entitled to seek § 2241 relief under the § 2255 savings clause based on the subsequent change in the law as articulated in <u>Apprendi</u> and <u>Blakely</u>. In his pending petition, Colden  suggests that these cases are intervening changes in the law which he cannot raise in a section 2255 motion, and as such, a section 2255 motion is "inadequate or ineffective" to address this issue.

Because neither <u>Apprendi</u> nor <u>Blakely</u> apply to cases on collateral review, the Court will summarily dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254

---

[1]In <u>Blakely</u>, the Supreme Court held that a Washington state sentencing scheme offended the Sixth Amendment because it deprived the defendant of his constitutional right to a jury trial determination. The Supreme Court held that:

> the "statutory maximum" for <u>Apprendi</u> purposes is the maximum sentence a judge may impose <u>solely</u> <u>on</u> <u>the</u> <u>basis</u> <u>of</u> <u>facts</u> <u>reflected</u> <u>in</u> <u>the</u> <u>jury</u> <u>verdict</u> <u>or</u> <u>admitted</u> <u>by</u> <u>the</u> <u>defendant</u>. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose <u>without</u> any additional findings.

<u>Id.</u> at 2537 (internal citations omitted).

(1977).[2]

## Discussion

The usual avenue for federal prisoners seeking to challenge the validity of a federal court conviction or sentence is a § 2255 motion in the sentencing court.[3]  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  A § 2255 motion "supersedes

---

[2]Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), because of Rule 1(b) of those Rules, which provides that "[i]n applications for habeas corpus in cases not covered by [§ 2254], these rules may be applied at the discretion of the United States District Court." This Court has long found Rule 4 applicable to habeas proceedings brought under § 2241, e.g., Heath v. Bell, 448 F. Supp. 416, 417 (M.D. Pa. 1977), and there is no sound reason not to apply Rule 4 in this case.

[3]    28 U.S.C. § 2255, in pertinent part, provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.  (Emphasis added.)

The underlined part of the statutory language is sometimes referred to as § 2255's "savings clause."

4

habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Myers v. Booker, 232 F.3d 902, 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)), cert. denied,122 S.Ct. 1951 (2002).  Here, Petitioner is clearly challenging his sentence based on the "new ruling" announced in Apprendi and Blakely, supra.  Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See section 2255 ¶ 5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a § 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness of § 2255 must be a "limitation of scope or procedure . . .prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the

inefficacy of the remedy, not a personal inability to utilize it, that is determinative."

Cradle, 290 F.3d at 538 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.

1986)); see also Jeffers v.Chandler, 253 F.3d 827, 830 (5th Cir. 2001)("A prior

unsuccessful § 2255 motion or the inability to meet" the requirements for a second or

successive 2255 motion "does not make § 2255 inadequate or ineffective."). Section

2241 should not be used as a way of evading the gatekeeping requirements of section

2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner

improperly challenges a federal conviction or sentence under § 2241, the petition

must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164,

1165 (3d Cir. 1971).

There are several grounds for dismissing Colden's § 2241 petition. Initially,

the Court notes that other than Petitioner's own suggestion, he has not shown that the

Supreme Court intended Apprendi or Blakely, to be applied retroactively to cases on

collateral appeal. Whether a "new rule" applies retroactively to final convictions

generally depends on whether the rule announced by the Supreme Court is

substantive or procedural. New substantive rules generally apply retroactively while

new procedural rules generally do not unless they implicate the fundamental fairness

and accuracy of criminal proceedings. See Schriro v. Summerlin, 124 S. Ct. 2519,

6

2523 (2004)("New rules of procedure generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise."); see also Teague v. Lane, 489 U.S. 288 (1989).

The Third Circuit Court of Appeals has held that Apprendi is not to be applied retroactively to cases on collateral review. See United States v. Swinton, 333 F.3d 481, 485-87 (3d Cir.2003).  Although, thus far, there is no Supreme Court or Third Circuit precedent announcing that Blakely is to be applied retroactively, i.e. it is available as a means of relief for cases other than those that were on direct appeal when it was decided (June 24, 2004), it is clear that Blakely is simply an application and extension of the new constitutional rule of criminal procedure the Supreme Court announced in Apprendi v. New Jersey, 530 U.S. 466 ("'[o]ther than the fact of conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'").  Thus, as Blakely is a direct descendant of Apprendi, it too is a procedural rule of law that is not retroactive to criminal cases on collateral review.  See Green v. United States, No. 04–6564, 2005 WL 237204 (2d Cir. Feb. 2, 2005)(per curiam);

7

<u>McReynolds v. United States</u>, No. 04-2520, 2005 WL 237642, at *2-3 (7th Cir. Feb. 2, 2005); <u>In re Kirkland</u>, No. 04-3125, 2005 WL 181890 (D.C. Cir. Jan. 27, 2005); <u>In re Anderson</u>, No. 05-10045, 2005 WL 123923, at *3 (11th Cir. Jan. 21, 2005); <u>Leonard v. United States</u>, 383 F.3d 1146, 1148 (10th Cir. 2004)(<i>per curiam</i>); <u>Tuttamore v. United States</u>, No. 04-CV-7529, 2005 WL 234368 (N.D. Ohio Feb. 1, 2005); <u>United States v. Johnson</u>, No. CR. 402CR3, 2005 WL 170708 (E.D. Va. Jan. 21, 2005). In light of this impressive array of precedent, the Court finds <u>Blakely</u> also does not apply retroactively to cases on collateral review. Thus, relief via the possible application of <u>Apprendi</u> and <u>Blakely</u> is unavailable to Colden.[4]

Second, it is important to note that Petitioner has sought, and been denied, permission by the Third Circuit Court of Appeals to file a second § 2255 motion. Section 2255 is not inadequate or ineffective merely because Colden is unable to meet the gatekeeping requirements for filing a second § 2255 motion. <u>In re Dorsainvil</u>, 119 F.3d at 251.

---

[4]The Third Circuit has also held that <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), which recognized that <u>Apprendi</u> and <u>Blakely</u> applied to the United States Sentencing Guidelines but also ruled that the Guidelines are now only advisory, does not apply retroactively to cases on collateral review. <u>See</u> <u>United States v. West</u>, No. 04-3881, slip op. at 2 n.1 (3d Cir. March 4, 2005).

Finally, <u>Apprendi</u> and <u>Blakely</u> do not place Petitioner in the narrow exception of those eligible to file a section 2241 petition as recognized in <u>Dorsainvil</u>, <u>supra</u>. <u>Dorsainvil</u> requires a precedent that makes the conduct of conviction non-criminal. The Third Circuit has held that the <u>Dorsainvil</u> rationale does not permit pursuit of <u>Apprendi</u> claims by way of § 2241 petitions:

> Unlike the intervening changes in law in <u>In re Dorsainvil</u> that potentially made the crime for which that petitioner was convicted non-criminal, <u>Apprendi</u> dealt with sentencing and did not render [drug trafficking], the crime for which Okereke was convicted, not criminal. Accordingly, under our <u>In re Dorsainvil</u> decision, § 2255 was not inadequate or ineffective for Okereke to raise his <u>Apprendi</u> argument.

<u>Okereke</u>, 307 F.3d at 120-121. He finds himself in a very similar situation. Colden pled guilty to aiding and abetting interstate travel to facilitate the distribution of crack cocaine. He does not contend that he did not aid or abet in the furtherance of drug trafficking. Thus, Colden's claims do not fall within the narrow opening for § 2241 review in the district of confinement created in <u>Dorsainvil</u>. Since it cannot be said that § 2255 is inadequate or ineffective to test the legality of Petitioner's detention or sentence, his § 2241 petition must be dismissed. Accordingly, Colden's § 2241 petition will be dismissed, but without prejudice so that he is not foreclosed from pursuing relief in the future in the event that the Supreme Court holds that the

9

kind of claim presented here may be considered on collateral review.  See In re Turner, 267 F.3d 225, 231 (3d Cir. 2001).  An appropriate Order follows.


DATE: October  3, 2005                          s/ William J. Nealon
                                                United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES COLDEN,                    : CIVIL ACTION NO. 3:CV-05-1481
                                   :
            Petitioner             : (Judge Nealon)
                                   :
      v.                           :
                                   :
RONALD HOLT, Warden                :
                                   :
            Respondent             :

## ORDER

   **NOW, THIS 3rd DAY OF OCTOBER, 2005,** for the reasons set forth in the

foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

   1.   The petition for a writ of habeas corpus is **DISMISSED**, without
        prejudice.

   2.   The Clerk of Court shall **CLOSE** this case.

                                   s/ William J. Nealon
                                   **United States District Judge**